```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CHRISTOPHER E. JAMES,

                  Plaintiff,            MEMORANDUM AND ORDER

                                        20-CV-3500 (KAM) (AKT)
     -against-

THE STATE OF NEW YORK,

                  Defendant.
----------------------------------X
```
**MATSUMOTO, United States District Judge:**

Plaintiff, currently incarcerated at Southport Correctional Facility,[1] brings this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the complaint is dismissed with prejudice. Moreover, Mr. James is advised that the instant dismissal constitutes a "strike" under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), as explained herein.

### Standard of Review

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in

---

[1] Although the docket sheet currently lists Mr. James' case address as Elmira Correctional Facility, it appears that he was recently transferred to Southport Correctional Facility. The Clerk of Court is respectfully directed to update the case address.

1

which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). At the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A

2

complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

"Notwithstanding the liberal pleading standard afforded pro se litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking." *Clarkes v. Hughes*, No. 17-CV-00961, 2018 WL 5634932, at *2 (E.D.N.Y. Oct. 30, 2018) (citing *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000)). "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). "If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Tr. Co.*, 211 F.3d at 700-01; *see also* Fed. R. Civ. P. 12(h)(3).

## Background

Plaintiff brings this action against New York State alleging that he is being improperly held in New York State custody pursuant to a Suffolk County criminal conviction. (Compl. at 5.) Plaintiff seeks $181,500.00 in damages for "wrongful imprisonment" and for the court to grant his pending petition for habeas corpus that he previously filed pursuant to 28 U.S.C. § 2241. (*See id.; James v. Suffolk County Supreme*

3

*Court*, 18-CV-2910 (KAM).)  As plaintiff acknowledges, he has not exhausted his administrative remedies for his purported § 1983 claim, and he does not indicate that he has exhausted his direct appeal for the underlying criminal conviction for which he is currently serving his sentence.  (Compl. at 5.)

**Discussion**

Eleventh Amendment

Plaintiff's claims against New York State are barred by the Eleventh Amendment.  To the extent that plaintiff's claims may be brought against state officials, the Eleventh Amendment also bars those claims.  The Eleventh Amendment bars federal suits by citizens seeking damages or injunctive relief against a state, state agencies, and state departments, unless the state has consented to the suit or waived its immunity.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984) ("A sovereign's immunity may be waived, and the Court consistently has held that a State may consent to suit against it in federal court.").  "While Congress may abrogate the states' Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment . . . as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity." *Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006).  "It is well-established that New York

4

has not consented to § 1983 suits in federal court . . . and that § 1983 was not intended to override a state's sovereign immunity." *Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010) (citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977) and *Quern v. Jordan*, 440 U.S. 332, 332 (1979)).  Plaintiff has not identified any waiver of sovereign immunity that would permit him to bring suit against the State of New York.  Accordingly, the State of New York is dismissed as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Dismissed Lawsuit under Prison Litigation Reform Act ("PLRA") Constitutes a "Strike"

Plaintiff's complaint fails to allege or identify any conduct, committed by a person acting under color of state law, that "deprived [plaintiff] of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994).  Judge Bianco has previously dismissed, *sua sponte*, one of plaintiff's prior § 1983 actions, against Suffolk County and the "S.C. Homicide Section," in *James v. Suffolk County et al.*, No. 18-CV-2826 (JFB)(GRB) (ECF No. 18), pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1), for failing to state a claim on which relief may be granted.[2]  The Second Circuit affirmed the

---

[2] Pursuant to 28 U.S.C. § 1915(g), Judge Bianco's dismissal of plaintiff's

5

district court's dismissal of the action and noted that plaintiff's appeal "lack[ed] an arguable basis either in law or in fact."  *James v. Suffolk County et al.*, No. 18-CV-2826 (JFB)(GRB) (ECF No. 27).

As noted by the United States Supreme Court, the very purpose of the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), was "to filter out the bad claims and facilitate consideration of the good." *Coleman v. Tollefson*, 135 S. Ct. 1759, 1762-63 (2015).  The "three strikes" provision was designed to mitigate unnecessary waste and diversion of the court's finite resources, which detracts from the court's attention to potentially meritorious claims.

Here, it was not proper for plaintiff to have commenced the instant action, purportedly invoking 42 U.S.C. § 1983, but identifying no violative conduct or individual acting under color of state law, who has allegedly deprived plaintiff of his constitutional rights.  Rather, plaintiff appears to have filed the present lawsuit for the express purpose of requesting that this court grant the ultimate relief he seeks in plaintiff's separate habeas action, *James v. Suffolk County Supreme Court*, No. 18-CV-2910 (KAM), which involves his § 2241

---

prior action constitutes a strike for purposes of the PLRA.

6

habeas petition. Further, as plaintiff is fully aware, he has previously commenced a prior lawsuit, 18-CV-2826, in federal court, involving the same facts as those alleged here. (Compl. at 2-3.) That prior lawsuit was dismissed by this court and the dismissal was subsequently affirmed by the Second Circuit.

Plaintiff, who has filed numerous separate actions in this court, generally involving the same underlying facts, is advised that the filing of a frivolous lawsuit and/or a lawsuit that fails to state a cognizable claim, counts as a "strike" pursuant to the PLRA, 28 U.S.C. § 1915(g). Accordingly, the dismissal of this action shall constitute a second "strike" under the PLRA. Plaintiff is further advised that, under the PLRA, should a court dismiss a third civil action on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, plaintiff will be barred from commencing any further civil actions as a prisoner proceeding *in forma pauperis*, unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *Coleman*, 135 S. Ct. at 1762.

## Conclusion

As noted above, plaintiff's complaint against the State of New York is dismissed on sovereign immunity grounds.[3]

---

[3] Plaintiff's claims are dismissed without prejudice to his claims in his pending habeas corpus action.

7

Fed. R. Civ. P. 12(h)(3); 28 U.S.C. §§ 1915(e)(2)(B); 1915A. Given that the pleading deficiencies identified above are substantive and could not be cured if plaintiff were afforded an opportunity to replead, leave to file an amended complaint is denied. *See Ashmore v. Prus,* 510 F. App'x 47, 49 (2d Cir. 2013) (leave to amend is futile where barriers to relief cannot be surmounted by reframing the complaint); *see also Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend a *pro se* complaint where amendment would be futile).

As further noted above, the court dismisses this action as frivolous and as failing to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). The dismissal of this action is deemed and will constitute a "strike" for purposes of the PLRA. 28 U.S.C. § 1915(g).

8

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment dismissing this action and to close this case. The Clerk of Court is also directed to serve plaintiff with a copy of this Memorandum and Order and the judgment and note service on the docket.

**SO ORDERED.**

_____/s/_____
HON. KIYO A. MATSUMOTO
United States District Judge

Dated: August 26, 2020
       Brooklyn, New York

9